FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

AUG 0 3 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01024-BNB

SAMMY NARANJO,

      Applicant,

v.

CHARLIE DANIELS,

      Respondent.

_____

ORDER OF DISMISSAL

_____

      Applicant, Sammy Naranjo, is in the custody of the Federal Bureau of Prisons

(BOP) and is incarcerated at USP-Florence, Colorado. He has filed a second amended

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 9)

challenging the validity of his criminal convictions and sentence in the United States

District Court for the Western District of Texas, San Antonio Division (Western District of

Texas). On June 22, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Naranjo to

respond and show cause why the second amended application should not be denied

because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the

sentencing court. Mr. Naranjo filed a response to the Order to Show Cause on July 20,

2011.

      The Court must construe the second amended application liberally because Mr.

Naranjo is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall

v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act

as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, the Court will deny the second amended application and dismiss the action.

Mr. Naranjo was convicted pursuant to a plea agreement on several drug possession and money laundering counts, and related conspiracy counts, in the Western District of Texas in Criminal Action No. 98-cr-00060-OLG-2. (Dkt. No. 1, at 3; Dkt. No. 5 (Criminal Judgment)). He was sentenced on January 28, 2000 to a 216-month prison term. (Dkt. No. 5). According to www.pacer.psc.uscourts.gov, Mr. Naranjo did not file a direct appeal of his convictions or sentence. He filed a motion for resentencing on November 22, 2005, which the federal district court construed as a motion under 28 U.S.C. § 2255 and denied on January 9, 2006. (Dkt. Nos. 811, 814).

Mr. Naranjo asserts in his second amended application that on January 28, 2000, the U.S. Attorney dismissed all of the counts in the superseding indictment upon which he pleaded guilty and was sentenced. Doc. No. 1, at 3; *but see* Doc. No. 5 (dismissing numerous counts of original indictment and only one count of superseding indictment). He therefore argues that the sentencing court "relinquish[ed] primary subject matter jurisdiction to enforce any execution of commitment against Petitioner" and that the sentencing and commitment order is "void." *Id.* at 4; second amended application, at 3. Mr. Naranjo seeks immediate release from federal custody. Second amended Application, at 2a.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v.*

2

*Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Naranjo bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (citing *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998)).

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Mr. Naranjo does not assert any of these circumstances. The fact that Mr. Naranjo has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See*

3

*Williams*, 323 F.2d at 673. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was itself inadequate or ineffective to the task of providing the [applicant] with a chance to test his sentence or conviction." *Prost*, 636 F.3d at 587.

In his response to the order to show cause, Mr. Naranjo does not allege any infirmity in the initial § 2255 procedure that was inadequate or ineffective for presenting a challenge to the sentencing court's jurisdiction.  A prisoner's mere failure to realize his legal argument at an earlier time is not a defect in the § 2255 remedy. *Id.* at 589.  Mr. Naranjo therefore is foreclosed from proceeding under 28 U.S.C. § 2241.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Naranjo fails to demonstrate the remedy available to him in the United States District Court for the Western District of Texas, San Antonio Division, is ineffective or inadequate to test the legality of his detention.

DATED at Denver, Colorado, this __3rd__ day of ___August_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01024-BNB

Sammy Naranjo
Reg. No. 42230-080
USP Florence - High
PO Box 7000
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 3, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                   Deputy Clerk